UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| FLOYD GREENE, | ) Case No.: 1:18-cv-00655-AWI-SAB (PC) |
|---|---|
| Plaintiff, | ) |
| v. | ) FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| NORM KARLOW, et.al., | ) |
| Defendants. | ) [ECF No. 13] |

Plaintiff Floyd Greene is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed July 27, 2018.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On February 11, 2016, Plaintiff arrived at Kern Valley State Prison (KVSP). In early 2017, Plaintiff was assigned to a position in the law library as a literacy clerk. Plaintiff was scheduled to work Monday through Friday from 7:30 a.m. to 2:30 p.m. for 11 cents an hour.

After the first week, Plaintiff's direct supervisor, Norm Karlow began to engage in acts that made Plaintiff uncomfortable and violated the Title 15 of the California Code of Regulations. Norm Karlow began telling homo-erotic jokes, and throwing things such as small erasers, pens, and paper balls at Plaintiff. Karlow would also use his office chair to toll around the work area and approach Plaintiff. Karlow's behavior made Plaintiff feel uncomfortable and he feared retaliation.

On August 25, 2017, Karlow violated Title 15 of the California Code of Regulations section 3401.6 by using suggestive sexual language. Karlow asked Plaintiff to engage in a form of dance that would produce sexual arousal, namely, to strip for him. During this time, Karlow was "thrusting" him crotch area toward Plaintiff.

Plaintiff informed Karlow that he was being inappropriate and explained that he was uncomfortable and not interested in his advances.

On Monday, August 28, 2017, Karlow filed a false rules violation report (RVR 115) in an attempt to punish Plaintiff for refusing his advance and as a pre-emptive attack on his credibility. Plaintiff was informed by custody staff that he was receiving a RVR for overfamiliarity and was no longer employed/assigned to the law library.

On September 6, 2017, Plaintiff received the actual RVR.

On September 5, 2017, Plaintiff placed an inmate appeal in the institutional mail dated September 6, 2017. However, the appeal was never found. On September 30, 2017, Plaintiff wrote a letter to the Chief Inmate Appeals Branch in Sacramento, California.

On October 14, 2017, Plaintiff was interviewed by Sergeant J. Melvin regarding his appeal. The interview was nothing more than an attempt to discredit his previously written statement. Plaintiff was being intimidated by Sergeant H. Robles and his non-verbal displays of disdain and condemnation for his complaint.

On multiple occasions following the interview by Sergeant Melvin, and several attempts by S. Hoffman to encourage Plaintiff to cancel his appeal, Karlow made attempts to intimidate Plaintiff. While Plaintiff was attending Bakersfield college classes, Karlow would enter the class, with no work related or penological reason, and stand in the back to intimidate him.

On October 26, 2017, Plaintiff submitted a CDCR Form 22 (request for interview) to Sergeant J. Melvin addressing the issue but never received a response.

On November 29, 2017, Plaintiff's inmate appeal was granted in part, as an investigation was conducted but no remedy was granted.

On December 12, 2017, the Office of Risk and Insurance Management received Plaintiff's claim against the CDCR.

///
///
///
///

# III.
# DISCUSSION

### A. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Minor acts such as "bad mouthing" and verbal threats usually cannot reasonably be expected to deter protected speech and therefore do not violate a plaintiff's First Amendment rights. See Coszalter v. City of Salem, 320 F.3d 968, 975-76 (9th Cir. 2003).

Based on Plaintiff's allegations that Defendant Karlow issued a false rules violation report for overfamiliarity because he refused to participate in Karlow's sexual advances, Plaintiff states a cognizable retaliation claim against Karlow. However, the Court finds that Plaintiff's other allegations of retaliation are insufficient. Plaintiff generally alleges that he was "intimidated" with "non-verbal displays of disdain and condemnation" for filing a complaint regarding Karlow's actions. However, as with Plaintiff's original complaint, he has not alleged with any specificity how Defendants retaliated against him in response to his complaints about Karlow. Further, to the extent that Plaintiff alleges retaliation in the form of verbal mistreatment such allegations do not state a constitutional violation. Oltarzewski, 830 F.2d at 139.

### B. Sexual Harassment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825,

847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"Although prisoner have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, see Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000), the Eighth Amendment protections do not necessary extend to mere verbal sexual harassment." Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004). While "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding [only] that latter to be in violation of the constitution." Minifield v. Butikofer, 298 F.Supp.2d 900, 904 (N.D. Cal. 2004) (citing Schwenk, 204 F.3d at 1198); Austin, 367 F.3d at 1171-72 (officer's conduct was not sufficiently serious to violate the Eighth Amendment where officer exposed himself to prisoner but never physically touched him); Patrick v. Martin, 402 Fed. Appx. 284, 285 (9th Cir. 2010) (sexual harassment claim based on verbal harassment insufficient to state a claim under § 1983) (citing Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.

1987)); Somers v. Thurman, 109 F.3d 614 (9th Cir. 1997) (found inmate failed to state a claim where female correction officers pointed, joked, and "gawked" at an inmate while he showered).

Plaintiff's allegations amount to nothing more than verbal comments and gestures which are not cognizable under the Eighth Amendment. While the alleged actions are certainly inappropriate, they do not rise to the level of a constitutional violation. Accordingly, Plaintiff fails to state a cognizable Eighth Amendment claim for sexual harassment.

### C. Inmate Appeal Process

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing of his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Accordingly, Plaintiff does not and cannot state a claim relating to the processing or handling of his inmate appeal.

### D. State Law Claims

Plaintiff attempts to bring claims under California law for negligent and/or intentional infliction of emotional distress.

The negligent infliction of emotional distress is not an independent tort but the tort of negligence to which the traditional elements of duty, breach of duty, causation and damages apply. Wong v. Tai Jin, 117 Cal.Rptr.3d 747, 767 (Cal. Ct. App. 2010) (quotation marks omitted); Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 984 (Cal. 1993); Burgess v. Superior Court, 2 Cal.4th 1064, 1072 (Cal. 1992). Where there is no personal, physical injury, the emotional distress must have been serious, which is the functional equivalent to severe emotional distress. Schwarz v. Lassen County ex rel. Lassen County Jail (Detention Facility), No. 2:10-cv-03048-MCE-GGH, 2011 WL 3319626, at *9 (E.D. Cal. Aug. 1, 2011) (quotation marks omitted) (citing Wong, 117 Cal.Rptr.3d at 768).

///

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Corales v. Bennett, 567 F.3d 554, 571 (9th Cir. 2009) (quotation marks omitted); Tekkle v. United States, 567 F.3d 554, 855 (9th Cir. 2007); Simo v. Union of Needletrades, Industrial & Textile Employees, 322 F.3d 602, 621-22 (9th Cir. 2003). Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. Corales, 567 F.3d at 571; Tekkle, 511 F.3d at 855; Simo, 322 F.3d at 622. In addition to the requirement that the conduct be intentional and outrageous, the conduct must have been directed at Plaintiff or occur in the presence of Plaintiff, of whom Defendant was aware. Simo, 322 F.3d at 622.

In this instance, Plaintiff's claim that Defendant Karlow made verbal sexual advances without any physical acts of violence or harm do not rise to the level of intentional outrageous conduct. See Hughes v. Pair, 209 P.3d 963, 976 (Cal. 2009) ("Liability for intentional infliction of emotional distress does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.") Furthermore, Plaintiff cannot proceed on a claim for emotional distress absent a showing of physical injury. 42 U.S.C. § 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." The physical injury requirement only applies to claims for mental and emotional injuries and does not bar an action for a violation of a constitutional right. See Oliver v. Keller, 289 F.3d 623, 630 (9th Cir. 2002). In this instance, Plaintiff did not suffer any physical injury or harm as a result of Karlow's actions and therefore cannot seek compensation for "emotional" damages. Accordingly, Plaintiff does not and cannot state a cognizable claim for intentional or negligent infliction of emotional distress.

## IV.

## CONCLUSION AND RECOMMENDATIONS

Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical

to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court finds that Plaintiff states a cognizable retaliation claim against Defendant Karlow, but fails to state any other cognizable claims. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's retaliation claim against Defendant Karlow; and

2. All other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 8, 2018**

UNITED STATES MAGISTRATE JUDGE