# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD GREENE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NORM KARLOW, et.al.,<br><br>　　　　　Defendants. | Case No.: 1:18-cv-00655-AWI-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, ALLOWING PLAINTIFF TO FILE AMENDED COMPLAINT AGAINST DEFENDANT KARLOW AND DISMISSING CLAIMS AGAINST ALL OTHER DEFENDANTS<br><br>[ECF Nos. 13, 14, 17] |

Plaintiff Floyd Greene is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 9, 2018, the Magistrate Judge filed a Findings and Recommendations recommending that this action proceed on Plaintiff's retaliation claim against Defendant Karlow, and all other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief. (ECF No. 14.) The Findings and Recommendations were served on Plaintiff and contained notice that objections were to be filed within twenty-one (21) days. (Id.) After receiving an extension of time, Plaintiff filed objections on October 5, 2018. (ECF No. 17.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

1

In his objections, Plaintiff agreed that all claims against all Defendants other than Karlow should be dismissed. He objected to the dismissal of the sexual harassment and state law causes of action against Defendant Karlow. Significantly, Plaintiff asserts that Defendant Karlow "would come up behind the plaintiff making contact with the Plaintiff legs just below the buttocks." Doc. 17, 3:6-7. In the operative complaint, Plaintiff only states "Karlow's acts of rolling around in his chair, coming up behind the Plaintiff and making contact with the Plaintiff on several occasions." Doc. 13:13:28-14:2. Plaintiff's allegations are still not factually clear enough to state a claim. For sexual harassment to constitute an Eighth Amendment violation, the objectionable behavior has to be extremely egregious. The Ninth Circuit has found that even some touches do not meet that standard. See Watison v. Carter, 668 F.3d 1108, 1113 (9th Cir. 2012) ("LaGier approached Watison while Watison was still on the toilet, rubbed his thigh against Watison's thigh, 'began smiling in a sexual contact [sic],' and left the cell laughing.... The 'humiliation' Watison allegedly suffered from the incident with Officer LaGier does not rise to the level of severe psychological pain required to state an Eighth Amendment claim"). If Plaintiff believes that Defendant Karlow has in fact violated the Eighth Amendment through sexual harassment, he must make a motion for leave to amend his complaint and provide the factual details that support such a claim.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on August 9, 2018, are adopted in part.

2. Plaintiff is granted leave to file a second amended complaint to state claims against Defendant Karlow. Plaintiff must file his amended complaint within 45 (forty-five) days of the filing of this order. If Plaintiff does not file a new complaint within that time frame, then the matter is referred back to the Magistrate Judge for initiation of service of process on the existing complaint.

3. All other claims against other Defendants are dismissed from the action for failure to state a cognizable claim for relief.

IT IS SO ORDERED.

Dated: January 14, 2019

_____
SENIOR DISTRICT JUDGE