**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FLOYD GREENE,<br><br>        Plaintiff,<br><br>    v.<br><br>NORM KARLOW, et.al.,<br><br>        Defendants. | Case No.: 1:18-cv-00655-AWI-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF **ONE FINAL** OPPORTUNITY TO AMEND AND FILE A THIRD AMENDED COMPLAINT<br><br>[ECF No. 21] |

Plaintiff Floyd Greene is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed April 11, 2019.

**I.**

**RELEVANT BACKGROUND**

Plaintiff filed the instant action on May 14, 2018.

On June 4, 2018, the Court screened Plaintiff's complaint and found that he failed to state any cognizable claims for relief. Plaintiff was granted thirty days to file an amended complaint.

On July 27, 2018, Plaintiff filed an amended complaint. On August 9, 2018, the undersigned issued Findings and Recommendations recommending that the action proceed on Plaintiff's retaliation claim against Defendant Karlow, and all other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief.

1

1    After receiving an extension of time, Plaintiff filed objections to the Findings and Recommendations on October 5, 2018.

On January 14, 2019, the Findings and Recommendations were adopted in part, and Plaintiff was granted leave to file a second amended complaint to attempt to state a cognizable claim for sexual harassment against Defendant Karlow. The Court specifically noted that "Plaintiff's allegations are still not factually clear enough to state a claim." (Order at 2:6-8, ECF No. 18.) The Court further stated, "If Plaintiff believes that Defendant Karlow has in fact violated the Eighth Amendment through sexual harassment, he must make a motion to amend his complaint and provide the factual details that support such a claim." (Id. at 2:13-15.) Lastly, the Court noted that "If Plaintiff does not file a new complaint within that time frame, then the matter is referred back to the Magistrate Judge for initiation of service of process on the existing complaint." (Id. at 2:20-21.)

As previously stated, on April 11, 2019, Plaintiff filed a second amended complaint.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which

requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.
### COMPLAINT ALLEGATIONS

The behavior by Defendant was "extremely egregious[,]" and violated Plaintiff's rights under the Eighth Amendment. The Defendant was in a position of authority and abused his superiority over the Plaintiff in an attempt to satisfy his personal desire.

"The Plaintiff, who is in a world dominated by a societal structure of predator or prey must maintain his personal sovereignty by not allowing anyone to encroach on his personal (mental, emotional, physical) borders. When the Defendant engaged in the actions outlined in (Doc. 13 and 17), he (Defendant) put the Plaintiff in a bad position."

"The Plaintiff, who could in no way handle this situation in a way to maintain his personal sovereignty, without adding time to his sentence, chose to file a complaint. Being that the Defendant was an employee at Kern Valley State Prison and in a position of power the Plaintiff chose the best course of action not to add more time. However, this choice put the Plaintiff in a position of prey, within the current society in which the Plaintiff lives, as a prisoner. Add the emotional stress of having to defend this choice daily, with the resurrection of the suppressed memory of being a victim of sexual abuse by the Plaintiff's uncle and the psychological pain is clear."

"Furthermore, the Plaintiff's central file (C-File) will reflect that the Plaintiff was victim of several physical assaults (attacked) after this incident happened. While there's no glaring nexus between the attacks and the incident. The Plaintiff was labeled prey by his society which is dominate by predators, and the fact that the Plaintiff did not respond to the Defendant's actions with violence put a target on his back."

///
///

3

"The Plaintiff would not have been in that situation if the Defendant did not engage in his actions. Furthermore, the Defendant engaged in some actions when the law library on Facility D was full with inmates [d]uring a library session. (plaintiff has witness affidavits)."

"This is different from the situation in Watison v. Carter, 668 F.3d 1108, 1113 (9th Cir. 2012), because Plaintiff was not the only person who observed this behavior and it effect the Plaintiff's living environment."

"Prison can be a deadly place for any inmate, let alone an inmate who is perceived as weak or prey. Having to live in that environment knowing you've been labeled, with no path to redemption short of engaging in a crime is psychological pressure and pain no person should ensure, free or incarcerated."

## IV.

## DISCUSSION

### A.  Further Leave to Amend

Plaintiff's second amended complaint does not contain any factual allegations underlying the alleged constitutional violations. Plaintiff failed to reallege the specific facts that give rise to his cognizable retaliation claim and potential sexual harassment claim. Plaintiff merely sets forth numerous legal conclusions devoid of any factual support. Plaintiff appears to rely on the facts as alleged in his first amended complaint and objections to the Findings and Recommendations, however, as advised in the Court's initial screening order, "an amended complaint supersedes the original complaint[,]" and therefore an "amended complaint must be 'complete in itself without reference to the prior or superseded pleading." (Order at 10:13-15, ECF No. 10.) (citations omitted).

The Court will grant Plaintiff one final opportunity to amend the complaint, if he believes he can do so in good faith and will set forth the applicable legal standards. Plaintiff is again advised that any third amended complaint must include all of the specific factual allegations relating to his retaliation and potential sexual harassment claims.  Plaintiff may not refer or incorporate material from a prior complaint, or assume that the facts alleged in previously filings are known to the Court when reviewing the new complaint.

///

Furthermore, in a third amended complaint, Plaintiff must comply with Rule 8(a)(3) of the Federal Rules of Civil Procedure. Rule 8 specifically states that a claim for relief must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). In addition, a third amended complaint must contain a signature by Plaintiff under penalty of perjury. Local Rule 131; Fed. R. Civ. P. 11(a).

The Court will provide Plaintiff a blank copy of an amended complaint to assist him in drafting a third amended complaint. If Plaintiff fails to file a third amended complaint consistent with the instructions provided herein, the undersigned will recommend dismissal of the action for failure to state a cognizable claim.

### B. Sexual Harassment in Violation of the Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir.

2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"Although prisoner have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, see Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000), the Eighth Amendment protections do not necessary extend to mere verbal sexual harassment." Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004). While "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding [only] that latter to be in violation of the constitution." Minifield v. Butikofer, 298 F.Supp.2d 900, 904 (N.D. Cal. 2004) (citing Schwenk, 204 F.3d at 1198); Austin, 367 F.3d at 1171-72 (officer's conduct was not sufficiently serious to violate the Eighth Amendment where officer exposed himself to prisoner but never physically touched him); Patrick v. Martin, 402 Fed. Appx. 284, 285 (9th Cir. 2010) (sexual harassment claim based on verbal harassment insufficient to state a claim under § 1983) (citing Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)); Somers v. Thurman, 109 F.3d 614 (9th Cir. 1997) (found inmate failed to state a claim where female correction officers pointed, joked, and "gawked" at an inmate while he showered).

**C. Retaliation**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Minor acts such as "bad mouthing" and verbal threats usually cannot reasonably be expected to deter protected

speech and therefore do not violate a plaintiff's First Amendment rights. See <u>Coszalter v. City of Salem</u>, 320 F.3d 968, 975-76 (9th Cir. 2003).

**V.**

**CONCLUSION AND ORDER**

Based on the foregoing, Plaintiff is granted one final opportunity to amend and file a third amended complaint to cure the deficiencies identified in this order. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George</u>, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;
3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length and must be double spaced using font similar to the instant order; and

///
///
///
///
///
///

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed.

IT IS SO ORDERED.

Dated: **April 24, 2019**

UNITED STATES MAGISTRATE JUDGE