UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD GREENE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NORM KARLOW, et.al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-00655-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 25] |

Plaintiff Floyd Greene is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's third amended complaint, filed May 31, 2019.

**I.**

**RELEVANT HISTORY**

Plaintiff filed the instant action on May 14, 2018.

On June 4, 2018, the Court screened Plaintiff's complaint and found that he failed to state any cognizable claims for relief. Plaintiff was granted thirty days to file an amended complaint.

On July 27, 2018, Plaintiff filed an amended complaint. On August 9, 2018, the undersigned issued Findings and Recommendations recommending that the action proceed on Plaintiff's retaliation claim against Defendant Karlow, and all other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief.

1

After receiving an extension of time, Plaintiff filed objections to the Findings and Recommendations on October 5, 2018.

On January 14, 2019, the Findings and Recommendations were adopted in part, and Plaintiff was granted leave to file a second amended complaint to attempt to state a cognizable claim for sexual harassment against Defendant Karlow. The Court specifically noted that "Plaintiff's allegations are still not factually clear enough to state a claim." (Order at 2:6-8, ECF No. 18.) The Court further stated, "If Plaintiff believes that Defendant Karlow has in fact violated the Eighth Amendment through sexual harassment, he must make a motion to amend his complaint and provide the factual details that support such a claim." (Id. at 2:13-15.) Lastly, the Court noted that "If Plaintiff does not file a new complaint within that time frame, then the matter is referred back to the Magistrate Judge for initiation of service of process on the existing complaint." (Id. at 2:20-21.)

On April 11, 2019, Plaintiff filed a second amended complaint. On April 25, 2019, the Court screened the second amended complaint and granted Plaintiff one final opportunity to amend and file a third amended complaint. (ECF No. 24.) The Court found that Plaintiff's second amended complaint did "not contain any factual allegations underlying the alleged constitutional violations." In addition, Plaintiff failed to reallege the specific facts that give rise to his cognizable retaliation claim and potential sexual harassment claim. Plaintiff was specifically "advised that any third amended complaint must include all of the specific factual allegations relating to his retaliation and potential sexual harassment claims. Plaintiff may not refer or incorporate material from a prior complaint, or assume that the facts alleged in previously filings are known to the Court when reviewing the new complaint. (Order at 4:23-27, ECF No. 24.) Plaintiff was also advised that "an amended complaint supersedes" … [and] an amended complaint must be 'complete in itself without reference to the prior or superseded pleading.'" (Order at 7:14-16, ECF No. 24.) Despite the Court's directive, Plaintiff filed a third amended complaint that includes only factual allegations relating to his sexual harassment claim. For the reasons explained below, the instant action should be dismissed for failure to state a cognizable claim for relief.

///
///

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

In August 2017, Plaintiff was working in the law library on Facility D at Kern Valley State Prison. Defendant Norm Karlow was Plaintiff's direct supervisor. During his time working in the law library, Norm Karlow would throw things at Plaintiff, and he would ask Plaintiff to "stripe for him while thrusting out his crotch area." Karlow would also roll around in his office chair and come up

Plaintiff and grope the back of his legs just under his buttocks, while Plaintiff was assisting inmates at the counter. Once I filed a complaint, I received a disciplinary report.

## IV.

## DISCUSSION

### A. Eighth Amendment Cruel and Unusual Punishment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"Although prisoner have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, see Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000), the Eighth Amendment protections do not necessary extend to mere verbal sexual harassment." Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004). While "the Ninth Circuit has recognized that sexual

harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding [only] that latter to be in violation of the constitution." Minifield v. Butikofer, 298 F.Supp.2d 900, 904 (N.D. Cal. 2004) (citing Schwenk, 204 F.3d at 1198); Austin, 367 F.3d at 1171-72 (officer's conduct was not sufficiently serious to violate the Eighth Amendment where officer exposed himself to prisoner but never physically touched him); Patrick v. Martin, 402 Fed. Appx. 284, 285 (9th Cir. 2010) (sexual harassment claim based on verbal harassment insufficient to state a claim under § 1983) (citing Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)); Somers v. Thurman, 109 F.3d 614 (9th Cir. 1997) (found inmate failed to state a claim where female correction officers pointed, joked, and "gawked" at an inmate while he showered).

Plaintiff's factual allegations that in August 2017 Norm Karlow would "come up behind me groping the back of my legs just under my buttocks while I would be assisting inmates at the counter" are insufficient to give to a constitutional claim under the Eighth Amendment. Plaintiff's allegations simply do not rise to the level of extremely egregious conduct. See, e.g., Watison v. Carter, 668 F.3d 1108, 1113 (9th Cir. 2012) (officer approached prisoner while he was on the toilet, rubbed his thigh against the inmate's thigh, 'began smiling in a sexual contact [sic],' and left the cell laughing…was insufficient to give rise to a claim for relief under the Eighth Amendment); Jackson v. Madery, 158 Fed. Appx. 656, 662 (6th Cir. 2005) (officer who allegedly rubbed and grabbed prisoner's buttocks in degrading manner was "isolated, brief, and not severe," and failed to state a cognizable Eighth Amendment claim); Berryhill v. Schriro, 137 F.3d 1073, 1075 (8th Cir. 1998) (two brief touches to prisoner's buttocks without fear of sexual abuse was insufficient to state a cognizable Eighth Amendment claim); Boodie v. Schnieder, 105 F.3d 857, 859-61 (2d Cir. 1997) (prisoner's claim that female officer made a pass at him, touched him on several occasions, and called him a "sexy black devil" was insufficient to give rise to a claim under the Eighth Amendment). Therefore, Plaintiff's isolated claim which caused him "humiliation" do "not give rise to the level of severe psychological pain required to state an Eighth Amendment claim." Watison v. Carter, 668 F.3d at 1113.

///

///

**V.**

**RECOMMENDATIONS**

For the reasons stated above, Plaintiff fails to state a cognizable claim under the Eighth Amendment, and because Plaintiff has been given several opportunities to amend further amendment would be futile. Furthermore, despite the clear advisement that Plaintiff must include allegations in the third amended complaint including the retaliation claim, it is clear that Plaintiff has waived any retaliation claim. Long v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")

Accordingly, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed for failure to state a cognizable claim for relief; and
2. The Clerk of Court be directed to terminate this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __June 5, 2019__

UNITED STATES MAGISTRATE JUDGE